1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  WENDELL WALTER JOHNSON,            1:11-cv-00998-GSA-PC

11        Plaintiff,                   ORDER VACATING ORDER
                                       DISMISSING CASE AND JUDGMENT
12     vs.                             (Docs. 17, 18.)

13  T. BYERS, et al.,                  ORDER FOR CLERK TO REOPEN
                                       CASE
14        Defendants.
                                       ORDER DEEMING FIRST AMENDED
15                                     COMPLAINT TIMELY FILED
                                       (Doc. 19.)
16

17  **I.       BACKGROUND**

18           Wendell Walter Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil

19  rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20  action on June 6, 2011 at the Sacramento Division of the United States District Court for the

21  Eastern District of California.  (Doc. 1.)  On June 16, 2011, the case was transferred to the

22  Fresno Division.  (Doc. 4.)  On June 28, 2011, Plaintiff consented to Magistrate Judge

23  jurisdiction under 28 U.S.C. § 636(c) in this action, and no other parties have made an

24  appearance.  (Doc. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the

25  Eastern District of California, the undersigned shall conduct any and all proceedings in the case

26  until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

27           The court screened the Complaint under 28 U.S.C. §1915A and entered an order on

28  February 20, 2014, requiring Plaintiff to either file an amended complaint, or notify the court of

his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 16.)  On March 27, 2014, the court dismissed this case and entered judgment, based on Plaintiff's failure to comply with the thirty-day deadline in the court's order.  (Docs. 17, 18.)

On April 3, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 19.)

## II.    DISCUSSION

The court finds good cause to reopen this case and deem the First Amended Complaint timely filed under the mailbox rule.  Under the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  While Plaintiff's First Amended Complaint was filed by the Clerk on April 3, 2014, seven days *after* the thirty-day deadline expired,[1] Plaintiff signed the First Amended Complaint at Kern Valley State Prison on March 25, 2014, two days *before* the deadline expired.  (Doc. 19 at 3.)  Based on this evidence, the court finds good cause to deem the First Amended Complaint timely filed under the mailbox rule.[2]

Because Plaintiff's First Amended Complaint was timely filed, Plaintiff did not fail to comply with the court's thirty-day deadline.  Therefore, the court's order dismissing this action for failure to comply with the court's deadline shall be vacated.

## III.   CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1.    The court's order of March 27, 2014, which dismissed this action, is VACATED;

---

[1] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). Moreover, pursuant to Rule 6(d), "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)). Fed. R. Civ. P. 6(d).  The court's order granted Plaintiff thirty days from the date of service of the order in which to file an amended complaint, and the order was served on February 20, 2014. (Doc. 16.) Thus, Plaintiff had until March 27, 2014, to file the amended complaint.

[2] Plaintiff has not submitted a proof of service of the First Amended Complaint. (Doc. 19.) However, the court finds Plaintiff's March 25, 2014 signature to be sufficient evidence that the First Amended Complaint was submitted to the prison for mailing by March 27, 2014.

2.     The judgment entered on March 27, 2014, in this action is VACATED;

3.     The Clerk is DIRECTED to reopen this case;

4.     Plaintiff's First Amended Complaint, filed on April 3, 2014, is DEEMED timely filed; and

5.     The First Amended Complaint shall be screened in due time.

IT IS SO ORDERED.

Dated:   **April 11, 2014**                              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE